IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,961






EX PARTE NORMA JEAN ESCAMILLA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM DALLAS COUNTY






 Per Curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to tex.
code crim. proc. art. 11.07. Applicant was convicted of robbery, and punishment was assessed at
fifteen years imprisonment. Applicant's conviction was affirmed on direct appeal. Escamilla v. State,
No. 05-99-01238-CR (Tex. App.Dallas, delivered November 9, 2000, no pet.).

 Applicant contends that counsel was ineffective when she failed to timely file a motion for new
trial, which would have been granted by the trial court. The trial court has entered findings of fact and
conclusions of law in which it finds that counsel rendered ineffective assistance for failing to timely file a
motion for new trial. The trial court also finds that it would have granted the motion, and recommends
that habeas relief be granted.

 Relief is granted. Applicant is entitled to a new motion for new trial in cause number 99-45851-W in the 363rd Judicial District Court of Dallas County. Applicant is ordered returned to that
point in time at which she may file a written motion for new trial, and, with the aid of counsel, obtain a
meaningful hearing on that motion. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the sentence had been imposed on the date that the mandate of this Court
issues. We hold that should Applicant desire to prosecute an appeal, she must take affirmative steps to
see that the motion for new trial is given within thirty days after the mandate of this Court has issued.


DELIVERED: June 16, 2004

DO NOT PUBLISH